IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOSEPH R. MAAS, *et al.*, | : |
| *Plaintiffs*, | : Case No. 1:23-cv-76 |
| v. | : Judge Jeffery P. Hopkins |
| JTM PROVISIONS COMPANY, INC., *et al.*, | : |
| *Defendants*. | : |

## ORDER

This matter is presently before the Court on the Motion for Reconsideration (Doc. 129) (the "Motion") filed by Plaintiff Joseph R. Maas ("Plaintiff" or "Joe"). Based on Joe's Motion, the Court issues this Order as a supplement to its prior Opinion and Order (Doc. 126) to clarify the scope of relief to which Joe may be entitled should he ultimately prevail at trial on his mixed-motive Title VII religious discrimination claim.

As to the issue of relief, this Court explained in its Opinion and Order (Doc. 126) that an employee is "entitled only to declaratory relief, limited injunctive relief, and attorney fees and costs where the employer demonstrates that it would have taken the same employment action in the absence of an impermissible motivating factor." *Spees v. James Marine, Inc.*, 617 F.3d 380, 390 (6th Cir. 2010). In other words, if, at trial, JTM "proves by a preponderance of the evidence that it would have taken the same action regardless of discrimination, then the plaintiff is entitled only to declaratory relief, limited injunctive relief, and attorneys' fees — but not to compensatory damages, reinstatement, or back pay." *Nuskey v. Hochberg*, 730 F. Supp. 2d 1, 3 n.1 (D.D.C. 2010). *See also* 42 U.S.C. § 2000e-5(g)(2)(B). Conversely, Joe *is*

entitled to damages if JTM does not prove, by a preponderance of the evidence, that JTM would have treated him similarly even if Joe's religious non-conformity had played no role in the decision to discharge him. *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 96–97 (2003); *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 711–12 (6th Cir. 2006) (quoting 42 U.S.C. § 2000e-5(g)(2)(B)) ("If the plaintiff makes [the necessary] showing, [he] is entitled to relief. However, the 1991 Act also provides that the employer's liability will be limited to injunctive and declaratory relief and attorney fees and costs if the employer can establish that it 'would have taken the same action in the absence of the impermissible motivating factor.'").

Accordingly, to the extent that this Court's Opinion and Order (Doc. 126) suggested otherwise, Plaintiff's Motion for Reconsideration (Doc. 129) is **GRANTED**.

**IT IS SO ORDERED.**

January 21, 2026

Jeffery P. Hopkins
United States District Judge