# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

|  |  |
|---|---|
| **JOSEPH MAAS** | |
| Plaintiff, | Case No. 1:23-cv-00076 |
| v. | Judge Jeffery P. Hopkins |
| **JTM PROVISIONS COMPANY INC.,** *et al.*, | |
| Defendants. | |

## DEFENDANT JTM PROVISIONS COMPANY, INC.'S FIRST AMENDED PROPOSED JURY INSTRUCTIONS AS TO LIABILITY

Defendant JTM Provisions Company, Inc. respectfully submits the following proposed

jury instructions to be used during the liability phase of trial in this matter.

Respectfully submitted,

*/s/ Brian P. O'Connor*
Brian P. O'Connor (0086646)
J. Robert Linneman (0073846)
SANTEN & HUGHES
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202
Telephone: (513) 721-4450
Facsimile: (513) 721-0109
bpo@santenhughes.com
jrl@santenhughes.com

*Attorneys for Defendant,*
*JTM Provisions Company, Inc.*

## INDEX TO JURY INSTRUCTIONS

Page

JTM'S PROPOSED PRELIMINARY JURY INSTRUCTIONS ..................................................... 1

JTM's Proposed Jury Instruction No. 1: Admonition ......................................................... 1

JTM's Proposed Jury Instruction No. 2: Province of the Jury ........................................... 3

JTM's Proposed Jury Instruction No. 3: Province of the Court ......................................... 4

JTM's Proposed Jury Instruction No. 4: All Persons Equal Before the Law .................... 5

JTM's Proposed Jury Instruction No. 5: Duties of the Jury ............................................... 6

JTM's Proposed Jury Instruction No. 6: Trial Procedure .................................................. 7

JTM's Proposed Jury Instruction No. 7: Evidence ............................................................ 8

JTM's Proposed Jury Instruction No. 8: Inadmissible and Stricken Evidence ................. 9

JTM's Proposed Jury Instruction No. 9: Direct and Circumstantial Evidence ................ 10

JTM's Proposed Jury Instruction No. 10: Credibility of Witnesses ................................. 11

JTM's Proposed Jury Instruction No. 11: Opinion Testimony ........................................ 13

JTM's Proposed Jury Instruction No. 12: Impeachment .................................................. 14

JTM's Proposed Jury Instruction No. 13: Parties and Claims .......................................... 15

JTM's Proposed Jury Instruction No. 14: Burden of Proof ............................................. 16

JTM'S PROPOSED CLOSING JURY INSTRUCTIONS ......................................................... 17

JTM's Proposed Jury Instruction No. 15: Introduction .................................................... 17

JTM's Proposed Jury Instruction No. 16: Role of Judge and Jury ................................... 18

JTM's Proposed Jury Instruction No. 17: Evidence ......................................................... 19

JTM's Proposed Jury Instruction No. 18: Credibility of Witnesses ................................. 21

JTM's Proposed Jury Instruction No. 19: Weight of Testimony ...................................... 22

JTM's Proposed Jury Instruction No. 20: Mixed-Motive Religious Discrimination under Title VII ................................................................................................................... 23

JTM's Proposed Jury Instruction No. 21: Statute of Limitations ..................................... 25

JTM's Proposed Jury Instruction No. 22: Deliberations .................................................. 26

JTM's Proposed Jury Instruction No. 23: Instructions and Form Do Not Recommend Any Particular Verdict ................................................................................. 27

JTM's Proposed Jury Instruction No. 24: Jury Interrogatories and Verdict Forms .......... 28

JTM's Proposed Jury Instruction No. 25: When Your Verdict is Ready .......................... 29

i

## <u>JTM'S PROPOSED PRELIMINARY JURY INSTRUCTIONS</u>

### JTM's Proposed Jury Instruction No. 1: Admonition[1]

It is now my duty to give you what is called "the admonition."  This is a standard court order that applies throughout the trial.  I will try to remind you of it at every recess, but if I forget to remind you, it still applies.

Ladies and gentlemen, we have taken the time to seat a neutral jury so this case can be decided based on just what goes on in the courtroom, and not on outside influences.  You are required to decide this case based solely on the evidence that is presented to you in this courtroom.  It is important that you be fair and attentive throughout the trial.  You must carefully listen to all the evidence and evaluate all of it.  Do not reach any conclusions until you have heard all of the evidence, the arguments of the lawyers, and my instructions on the law.

Do not discuss this case among yourselves or with anyone else.  This includes family, friends, and the media.  You must not email, text, send other electronic messages, or post anything about this case on the Internet or on any electronic device, including cell phones, iPads, or tablets.  This would include posts or messages through blogs and social-networking sites, such as Instagram, Snapchat, Facebook, Twitter, and others.  If anyone should attempt to discuss the case with you, report the incident to me or the bailiff immediately.

Also, you absolutely must not try to get information from any other source regarding this case while the trial is ongoing.  The ban on sources outside the courtroom applies to information from all sources including, the Internet, reference books, newspapers, magazines, television, radio, a computer, iPhone, smart phone, iPad, tablet, and any other electronic device.  This ban on outside

---

[1]      Ohio Jury Instructions – Civil ("OJI-CV") §§ 205.03, 301.07; Ohio State Bar Association Jury Instructions; Proposed Model Jury Instructions The Use of Electronic Technology to Conduct Research on or Communicate about a Case Prepared by the Judicial Conference Committee on Court Administration and Case Management June 2012.

information also includes any personal investigation by you about the case.  If you acquire any information from an outside source, you must report it to me or the bailiff immediately.

You should know that if any of these rules are violated, there could be a mistrial.  A mistrial means that the case is stopped before it is finished and must be retried at a later date. This can lead to a great deal of expense for the parties and for the taxpayers, namely you and your neighbors. No one wants to see money, especially tax dollars, wasted.  If a mistrial were to be declared based on a violation of these rules, the juror responsible could be required to pay the cost of the first trial, and could also be punished for contempt of court.

Finally, if issues arise during the trial that you think might affect your ability to pay attention and sit as a fair and impartial juror, you must explain the matter to the bailiff who will inform me.  If you cannot hear a witness, an attorney, or me at any time during the trial, please make that fact known immediately by raising your hand.

**JTM's Proposed Jury Instruction No. 2: Province of the Jury[2]**

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the parties.  You are to perform this duty without bias or prejudice as to any party. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion. The parties and the public expect that you will carefully and impartially consider all the evidence, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

---

[2]     Judge Edmund A. Sargus Civil Jury Instructions, § 2, Province of the Jury.

**JTM's Proposed Jury Instruction No. 3: Province of the Court[3]**

Although you as jurors are the sole judges of the facts, you are duty bound to follow the law as stated in the instructions of the Court and to apply the law so given to the facts as you find them from the evidence before you.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law. Regardless of any opinion that you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court.

---

[3]    Judge Edmund A. Sargus Civil Jury Instructions, § 1, Province of the Court.

4

**JTM's Proposed Jury Instruction No. 4: All Persons Equal Before the Law[4]**

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.

---

[4]     Judge Edmund A. Sargus Civil Jury Instructions, § 3, All Persons Equal Before the Law.

**JTM's Proposed Jury Instruction No. 5: Duties of the Jury[5]**

Counsel in this case may refer to some of the governing rules of law in their arguments.  If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are to be governed by the Court's instructions.  Nothing I say in these instructions is to be taken as an indication that I have any opinions about the facts of the case, or what that opinion is.  It is not my function to determine the facts.  It is your function as the jury to determine the facts.

---

[5]     Judge Edmund A. Sargus Civil Jury Instructions, § 4, Duties of the Jury.

**JTM's Proposed Jury Instruction No. 6: Trial Procedure[6]**

Jury service may be a new experience for some of you, so a short explanation of how trial will proceed might be helpful. The sequence of trial will be as follows. First, the lawyers will outline to you in an opening statement what they expect their evidence will be. These opening statements are not evidence. They are a preview or outline of the arguments of each party, designed to help you follow the evidence as it is presented.

After opening statements, each side offers evidence to support its position. The plaintiff will call his witnesses first, followed by the defendant's witnesses.

The trial concludes with closing arguments by the lawyers and further instructions on the law by me.

You will then deliberate on your verdict.

---

[6] Ohio State Bar Association Jury Instructions; 1 OJI-CV § 305.03.

**JTM's Proposed Jury Instruction No. 7: Evidence[7]**

The evidence in this case consists of the sworn testimony of the witnesses and all the exhibits which have been received into evidence.  The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case: (1) statements and arguments of the attorneys; (2) questions and objections of the attorneys; (3) testimony that I instruct you to disregard; and (4) anything you may see or hear when court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

You are to consider only the evidence in the case.  However, you are not limited to the bald statements of the witnesses, but you are permitted to draw from the facts which you have found have been proved, such reasonable inferences as seem justified in the light of your own experience.  This is to say, from the facts which have been proved, you may draw an inference based upon reason and common sense.

---

[7]     Judge Edmund A. Sargus Civil Jury Instructions, § 5, Evidence.

**JTM's Proposed Jury Instruction No. 8: Inadmissible and Stricken Evidence[8]**

It is the duty of a lawyer to object when the other side offers testimony or other materials that the lawyer believes are not properly admissible in evidence.  If, throughout the trial, I sustained an objection by one of the lawyers, you are to disregard the question and you must not guess what the answer would have been.  If a question was asked and the witness answered it, and I ruled that you should not consider the answer, then you must disregard both the question and the answer in your deliberations just as if the question and answer had never been spoken.

---

[8]     Judge Edmund A. Sargus Civil Jury Instructions, § 6, Inadmissible and Stricken Evidence.

**JTM's Proposed Jury Instruction No. 9: Direct and Circumstantial Evidence[9]**

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence.  Indirect or circumstantial evidence is proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence but simply requires that the jury find the facts in accordance with the applicable burden of proof which is explained in these instructions.

---

[9]     Judge Edmund A. Sargus Civil Jury Instructions, § 9, Direct Evidence and Circumstantial Evidence.

### JTM's Proposed Jury Instruction No. 10: Credibility of Witnesses[10]

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness's intelligence, motive and state of mind, and demeanor or manner while on the stand.  Consider the witness's ability to observe the matters as to which he or she impresses you as having an accurate recollection of these matters.  Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause the jury to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent mis-recollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.  The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact.  You may find the

---

[10]     Judge Edmund A. Sargus Civil Jury Instructions, § 11, Credibility of Witnesses.

11

testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## JTM's Proposed Jury Instruction No. 11:  Opinion Testimony[11]

Generally, a witness may not express an opinion.

However, a person who had an opportunity to observe and perceive certain circumstances is permitted to express an opinion about matters within everyday understanding.  Examples of this might be opinions like, "the car was speeding" or "he seemed angry."  In determining the value of everyday opinions like these, you will consider the opportunity that the witness had to observe the facts and the witness's knowledge or experience on the subject.  In addition, you will apply the usual rules for testing credibility and determining the weight to be given to testimony that I just discussed.  You may accept or disregard the opinions.

I may also permit witnesses who have special skill, education, knowledge, training, or experience to express opinions about the significance of facts which they observed or which other evidence demonstrates.  We refer to such persons as expert witnesses.  You are not required to accept the opinion of an expert witness if you find that it is not reasonable or consistent with other evidence.  As with other witnesses, you alone will decide what weight you should give an expert's testimony.  In determining the weight of expert testimony, you may take into consideration the expert's skill, experience, knowledge, familiarity with the facts of this case, and the usual rules for testing reliability and believability of any testimony.

---

[11]    Ohio State Bar Association Jury Instructions; 1 OJI-CV §§ 309.09, 309.11.

**JTM's Proposed Jury Instruction No. 12: Impeachment[12]**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something or has failed to say or do something that is inconsistent with the witness's present testimony.  If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.  If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.  An act or omission is "knowingly" done if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

---

[12]     Judge Edmund A. Sargus Civil Jury Instructions, § 12, Impeachment–Inconsistent Statement or Conduct.

## JTM's Proposed Jury Instruction No. 13: Parties and Claims[13]

I'm now going to give you some background about this case to help you follow the evidence.

The plaintiff in this case is Joseph R. Maas. I will refer to him as "Joe Maas" or the "Plaintiff."

The defendant in this case is JTM Provisions Company Inc., referred to as "JTM."

JTM was founded many years ago by Jack Maas, Sr.—the father of Joe and his brothers, Anthony Maas, Jack Maas, and Jerry Maas. As the business grew, Jack Sr. transitioned it to his sons. Each son focused on a different area of JTM: Tony was the President and CEO, Jack led the sales organization, Jerry focused on special projects and business development, and Joe Maas worked on manufacturing and production. The Maas brothers each control 25% of JTM's stock.

In 2021, Joe's employment with JTM was terminated. In this case, Joe has one claim asserted against JTM: a claim for religious discrimination under Title VII of the Civil Rights Act related to his termination.

JTM denies all of Joe's allegations. JTM maintains that the termination of Joe Maas was not discriminatory; rather, it was justified by his cumulative disruptive behavior and his failure to support the direction and leadership of JTM.

---

13     *See generally* First Amended Complaint, ECF No. 29 ("FAC"); *see also* Opinion and Order on Motion to Dismiss, ECF No. 66 ("Order on MTD"); Opinion and Order on Motions for Summary Judgment, ECF No. 126.

### JTM's Proposed Jury Instruction No. 14: Burden of Proof[14]

The person who claims that certain facts exist must meet what is known as a "burden of proof" before the law will grant him any remedy.

The applicable burden of proof in a civil lawsuit like this one is the preponderance of the evidence standard.

A preponderance of the evidence is simply the greater weight of the evidence; that is, evidence that you believe because it outweighs or overbalances the evidence opposed to it.  In other words, something is shown by a preponderance of the evidence if it is more likely than not.

In this case, it is Joe Maas's burden to prove his claim by a preponderance of the evidence.

---

[14]    1 OJI-CV § 303.05 (defining a "preponderance of the evidence").

## JTM'S PROPOSED CLOSING JURY INSTRUCTIONS

### JTM's Proposed Jury Instruction No. 15: Introduction[15]

Members of the jury, you have heard the evidence and the arguments of counsel.

I am now going to give you some additional instructions before you deliberate your verdict.

First, I will remind you of some of the instructions that I gave you at the beginning of trial—like the role of the judge and the jury, what constitutes evidence, how to assess the credibility of the witnesses and weigh the evidence, and who has the burden of proof in this trial.

Second, I will give you some specific instructions on the law applicable to the claim asserted in this case by the plaintiff, Joe Maas.

Last, I will explain the rules that you must follow during deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything that I say.

---

[15]     1 OJI-CV § 207.01; Sixth Circuit Pattern Jury Instructions 1.00 – General Principles.

**JTM's Proposed Jury Instruction No. 16: Role of Judge and Jury[16]**

As I mentioned at the beginning of the case, you and I have separate duties.  You decide the disputed facts, and I give the instructions of law.  It is your sworn duty to accept these instructions and to apply the law as I give it to you.  You are not permitted to change the law nor to apply your own idea of what you think the law should be.

---

[16]    Ohio State Bar Association Jury Instructions; 1 OJI-CV §§ 205.01, 207.01.

### JTM's Proposed Jury Instruction No. 17: Evidence[17]

The evidence you should consider in deciding the facts and reaching your verdict is the testimony that the witnesses gave during trial; exhibits that were admitted during trial and that will accompany you in your deliberations; transcribed or recorded deposition testimony which was read or displayed during trial; and any facts that I instructed you to accept as true during trial.

Statements, objections, or arguments made by the lawyers, as well as any question by the lawyers that contained an assertion of fact that was not confirmed by a witness, are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and to call your attention to certain facts or inferences that might otherwise escape your notice. It is your interpretation of the evidence that controls the case.

Statements or answers that I ordered stricken or that I instructed you to disregard, and anything to which I sustained an objection, are not evidence and must be treated as though you had never heard them.

You must not speculate why the Court sustained an objection to any question or what the answer to such questions might have been. You must not draw any inference or speculate on the truth of any suggestion included in a question that was not answered.

Unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

You may consider both direct and circumstantial evidence. Direct evidence is the testimony given by a witness who saw or heard the facts about which the witness testified. It includes the exhibits that were admitted into evidence during the trial and stipulations that you were instructed to accept as fact.

---

[17]     Ohio State Bar Association Jury Instructions; 1 OJI-CV §§ 205.01, 305.01, 305.03.

Circumstantial evidence uses direct evidence to infer some other fact or conclusion reasonably.  To infer, or to make an inference, is to reach a reasonable conclusion of fact from other facts that you find have been established by direct evidence.  An example of an inference is the old saying, where there's smoke, there's fire.  From the direct evidence of seeing smoke, you infer that a fire exists, even if you can't see the fire itself.  What inferences you make or do not make are matters for your sound judgment, as your reasoning dictates.  Whether a particular inference is made rests entirely with you.  Remember, you may not build one inference on another inference, but you may make more than one inference from the same facts or circumstances.

**JTM's Proposed Jury Instruction No. 18: Credibility of Witnesses[18]**

In deciding the facts and reaching your verdict, you must consider the quality or weight of the evidence presented. The quality or weight of the evidence depends on the credibility of the witnesses.

In considering the credibility of the witnesses, you apply the tests of truthfulness that you apply in your daily lives. These tests include the appearance of each witness on the stand; the reasonableness of the testimony; the opportunity the witness had to see, hear, and know the things about which he or she testified; the witness' accuracy of memory, frankness or lack of it, intelligence, interest, and bias, if any; together with all the facts and circumstances surrounding the testimony. When applying these tests you will assign to the testimony of each witness such weight as you deem proper.

Remember, you are the sole judges of the credibility of each witness and the weight to be given to that witness's testimony. You are not required to believe the testimony of any witness simply because it was given under oath, and you may believe or disbelieve all or any part of the testimony of any witness.

---

[18] Ohio State Bar Association Jury Instructions; 1 OJI-CV §§ 205.01, 305.05.

21

**JTM's Proposed Jury Instruction No. 19: Weight of Testimony[19]**

You should not decide any issue of fact merely on the basis of the number of witnesses that testify on each side of such issue.  The final test in judging evidence should be the force and weight of the evidence, regardless of the number of witnesses on each side.  Also, discrepancies in a witness's testimony or between one witness's testimony and that of others, if there are any, does not necessarily mean that you should disbelieve the witness.  People commonly forget facts or do not remember them correctly after the passage of time.  You are certainly all aware of the fact that two people who are witnesses to an incident may often see or hear it differently.  In considering a discrepancy in a witness's testimony, you should consider whether such discrepancy concerns an important fact or a trivial one and then assign the weight to the discrepancy that you deem appropriate.

---

[19]     Ohio State Bar Association Jury Instructions; 1 OJI-CV §§ 205.01, 305.05.

**JTM's Proposed Jury Instruction No. 20: Mixed-Motive Religious Discrimination under Title VII[20]**

Joe Maas has asserted a claim against JTM for religious discrimination under Title VII of the Civil Rights Act. Joe is proceeding under a mixed-motive theory for his Title VII claim. In order to succeed on this claim, Joe must prove by a preponderance of the evidence that Joe's failure to hold or follow what he claims are the company's religious beliefs was a motivating factor in JTM's decision to terminate Joe's employment. Joe can prove this claim either through direct or circumstantial evidence. Only the most blatant remarks, whose intent could be nothing other than to discriminate, satisfy the criteria of direct evidence. The classic example is, "I fired you because you are disabled." In order to constitute direct evidence, a statement must be (1) made by a decision-maker or by an agent acting within the scope of his or her employment; (2) related to the decision-making (termination) process; (3) more than merely vague, ambiguous, or isolated; and (4) made proximate in time to the act of termination.[21]

The term "motivating factor" means a consideration that moved JTM toward its decision, even if other permissible factors also motivated JTM's decision.

If you find that Joe did not prove by a preponderance of the evidence that his failure to hold or follow what he claims are the company's religious beliefs was a motivating factor in JTM's decision to terminate Joe's employment, you must return a verdict in JTM's favor.

If, however, you find that Joe proved by a preponderance of the evidence that his failure to hold or follow what he claims are the company's religious beliefs was a motivating factor in JTM's

---

[20]    Fed. Emp. Jury Instructions § 5:200, 5:30.20, 5:300, 5:930; *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 96-97, 100-01 (2003); *Yazdian v. ConMed Endoscopic Techs., Inc.*, 793 F.3d 634, 648 (6th Cir. 2015); *Amos v. Lampo Grp., LLC*, No. 24-5011, 2024 U.S. App. LEXIS 19821, at *5-7 (6th Cir. Aug. 6, 2024) (nonconformity is a valid basis for religious discrimination under Title VII); *Ondricko v. MGM Grand Detroit, LLC*, 689 F.3d 642, 649 (6th Cir. 2012); 42 U.S.C. § 2000e-2(m); 42 U.S.C. § 2000e-5(g)(2).
[21]    *Pelcha v. MW Bancorp, Inc.*, 455 F. Supp. 3d 481, 498 (S.D. Ohio 2020).

23

decision to terminate Joe's employment, even if JTM was motivated by other lawful reasons, you must then determine whether JTM proved by a preponderance of the evidence that it would have terminated Joe if religion played no role in the decision.

**JTM's Proposed Jury Instruction No. 21: Statute of Limitations[22]**

JTM has asserted that Joe Maas' religious discrimination claim under Title VII is barred by the statute of limitations.

A statute of limitations is a deadline by which a person must file a legal claim. Title VII requires a civil action to be filed in federal court within 90 days after the United States Equal Employment Opportunity Commission has given a "right-to-sue" notice.  42 U.S.C. § 2000e-5(f)(1).  If the claim is filed after the deadline expires, it is barred.

Therefore, if you find JTM proved by a preponderance of the evidence that Joe Maas filed this lawsuit more than 90 days after receiving the right to sue letter, his Title VII claim is barred and you must find in favor of JTM.

---

[22]     *Bruno v. RBS Citizens, NA*, No. 1:16-cv-245, 2017 U.S. Dist. LEXIS 82039, at *12 (S.D. Ohio May 30, 2017).

## JTM's Proposed Jury Instruction No. 22: Deliberations[23]

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. The foreperson acts as the chairperson of the meeting and is your spokesperson in court. He or she must see to it that the charges and the issues are taken up as given to you; that everyone has a chance to speak to these matters; and that your deliberations proceed in an orderly way.

After you have arrived at the verdict, which must be unanimous, the foreperson and all jurors will sign the verdict forms on the lines as indicated. Once you start deliberating, do not talk to the courtroom deputy, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, signed by any of you, and then give them to the Court Security Officer, who will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

All of the exhibits will be sent to the jury room with you so you can review them during your deliberations.

Do not ever write down or tell anyone outside the jury room how you stand on your votes. For example, do not write down or tell anyone outside the jury room that you are split 5-3, or 7-1, or whatever your vote happens to be. That should stay confidential until you are finished.

---

[23]     Judge Edmund A. Sargus Civil Jury Instructions, § 24, Deliberations and Verdict Information.

**JTM's Proposed Jury Instruction No. 23: Instructions and Form Do Not Recommend Any Particular Verdict[24]**

I caution you that nothing said in these instructions and nothing in the verdict forms is to suggest or convey in any way the verdict I think you should return. The verdict you return is your exclusive duty and responsibility as jurors.

---

[24]     Judge Edmund A. Sargus Civil Jury Instructions, § 26, Instructions and Form Do Not Recommend Any Particular Verdict.

**JTM's Proposed Jury Instruction No. 24: Jury Interrogatories and Verdict Forms[25]**

The Court will provide you with jury interrogatories and verdict forms. The jury interrogatories are specific written questions on issues of fact that you must decide based on the evidence presented.

After answering the jury interrogatories, you will proceed to enter a verdict on each claim either in favor of Joe Maas or JTM. I will now read the jury interrogatories and verdict forms to you.

---

[25] Fed. R. Civ. P. 49(b).

**JTM's Proposed Jury Instruction No. 25: When Your Verdict is Ready[26]**

When you arrive at a verdict, you will notify the Court Security Officer, who will inform the Court.

---

[26] Judge Edmund A. Sargus Civil Jury Instructions, § 27, Notify Court Security Officer When Verdict Is Ready.

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MAAS, et al., | : | Case No.: 1:23-cv-00076 |
| | : | |
| Plaintiffs, | : | Judge Jeffery P. Hopkins |
| | : | |
| vs. | : | |
| | : | |
| JTM PROVISIONS COMPANY INC., *et al*., | : | |
| | : | |
| Defendants. | : | |

## JTM PROVISION COMPANY, INC.'S FIRST AMENDED PROPOSED JURY INTERROGATORIES AND VERDICT FORMS AS TO LIABILITY

Pursuant to Federal Rule of Civil Procedure 49 and the Court's instruction at the January 21, 2026 Final Pretrial Conference, Defendant JTM Provisions, Inc. ("JTM) hereby respectfully submits the attached proposed jury interrogatories and verdict forms to be used during the liability phase of trial in this matter.

Respectfully submitted,

*/s/ Brian P. O'Connor*
Brian P. O'Connor (0086646)
J. Robert Linneman (0073846)
SANTEN & HUGHES
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202
Telephone: (513) 721-4450
Facsimile: (513) 721-0109
bpo@santenhughes.com
jrl@santenhughes.com

*Attorneys for Defendant,*
*JTM Provisions Company, Inc.*

## PROPOSED JURY INTERROGATORIES AND VERDICT FORMS

You are being given interrogatories (written questions) and verdict forms. You must answer the interrogatories and verdict forms in writing, starting with the first interrogatory. You must carefully follow the directions on each page about how to proceed, because the directions will tell you which interrogatories to answer and whether to sign the verdict forms for Joe Maas or JTM.

**JTM'S PROPOSED JUROR INTERROGATORY NO. 1**
**(Claim No. 1 – Mixed-Motive Religious Discrimination Under Title VII)**

Based on the evidence presented and the Court's instructions of law, do you find that Joe proved by a preponderance of the evidence that religion was a motivating factor in JTM's decision to terminate Joe's employment?

Yes: _____          No: _____

(All must agree)

_____          _____

_____          _____

_____          _____

_____          _____

<u>If You answered **yes** to Juror Interrogatory No 1</u>:

1.   Proceed to Juror Interrogatory No. 2.

<u>If you answered **no** to Juror Interrogatory No. 1</u>:

1. Proceed to Verdict Form No. 1, and find in favor of JTM on Part A.  Leave Part B blank.

**JTM'S PROPOSED JUROR INTERROGATORY NO. 2**
**(Claim No. 1 – Mixed-Motive Religious Discrimination Under Title VII)**

Based on the evidence presented and the Court's instructions of law, do you find that JTM proved by a preponderance of the evidence that JTM would have terminated Joe Maas even if religion played no role in the employment decision?

Yes: _____          No: _____

(All must agree)

_____          _____

_____          _____

_____          _____

_____          _____

Proceed to Juror Interrogatory No. 3.

## JTM'S PROPOSED JUROR INTERROGATORY NO. 3
### (Affirmative Defense No. 1 – Statute of Limitations)

Based on the evidence presented and the Court's instructions of law, do you find that JTM proved by a preponderance of the evidence that Joe Maas did not file this lawsuit within 90 days of receiving the right to sue letter from the United States Equal Employment Opportunity Commission?

Yes: _____          No: _____

(All must agree)

_____          _____

_____          _____

_____          _____

_____          _____

If You answered **yes** to Juror Interrogatory No. 3:

1.  Proceed to Jury Verdict Form No. 1, and find in favor of JTM on Part A.  Leave Part B blank.

If you answered **no** to Juror Interrogatory No. 3:

1.  If you answered **yes** to Juror Interrogatory No. 2, proceed to Jury Verdict Form No. 1, and find in favor of Joe Maas on Part A.  Then, in Part B, mark the "Yes" line.

2.  If you answered **no** to Juror Interrogatory No. 2, proceed to Jury Verdict Form No. 1, and find in favor of Joe Maas on Part A.  The, in Part B, mark the "No" line.

5

**JTM'S PROPOSED JURY VERDICT FORM NO. 1**
**(Claim No. 1 – Mixed-Motive Religious Discrimination Under Title VII)**

A.      Who do you find in favor of on Joe Maas's claim for religious discrimination under

Title VII against JTM?

                    Joe Maas: _____

                    JTM: _____

B.      If you found in Joe Maas's favor on his claim for religious discrimination under

Title VII against JTM, do you find that JTM proved that it would have terminated Joe Maas

even if religion played no role in the employment decision?

                    Yes: _____

                    No: _____

(All must agree)

_____        _____

_____        _____

_____        _____

_____        _____

6

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| **JOSEPH MAAS** | |
| Plaintiff, | Case No. 1:23-cv-00076 |
| v. | Judge Jeffery P. Hopkins |
| **JTM PROVISIONS COMPANY INC.,** *et al.*, | |
| Defendants. | |

## DEFENDANT JTM PROVISIONS COMPANY INC.'S FIRST AMENDED PROPOSED JURY INSTRUCTIONS AS TO DAMAGES

Defendant JTM Provisions Company, Inc. respectfully submits the following proposed jury instructions on damages to be used at trial in this matter.

Respectfully submitted,

*/s/ Brian P. O'Connor*
Brian P. O'Connor (0086646)
J. Robert Linneman (0073846)
SANTEN & HUGHES
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202
Telephone: (513) 721-4450
Facsimile: (513) 721-0109
bpo@santenhughes.com
jrl@santenhughes.com

*Attorneys for Defendant,*
*JTM Provisions Company, Inc.*

i

### JTM'S PROPOSED CLOSING JURY INSTRUCTIONS ON DAMAGES
#### JTM's Proposed Jury Instruction No. 1: Compensatory Damages[1]

I will now give you instructions about how to calculate damages. You should not consider the fact that I am giving you this instruction as suggesting any view of mine as to which party is entitled to your verdict in this case, or that I think that you should award any damages. Those decisions are entirely for you to make. I am giving you these instructions solely for your guidance, in the event that you find in favor of Joe Maas on his religious discrimination claim under Title VII against JTM. The fact that I do does not in any way mean that I think you should award any damages; that is entirely for you to decide.

If you found for Joe on his claim for religious discrimination under Title VII, and you found that JTM did not prove that it would have terminated Joe if religion played no role in its decision, then you must determine whether Joe is entitled to damages in an amount that is fair compensation. If you found for Joe on his claim for religious discrimination under Title VII, and you found that JTM did prove that it would have terminated Joe if religion played no role in its decision, then you cannot award Joe any compensatory damages.

You may award compensatory damages only for injuries that Joe proved were caused by JTM's allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less. You may award compensatory damages for emotional pain and suffering, inconvenience, and mental anguish if you find that they were caused by JTM's religious discrimination. No evidence of the monetary value of such intangible things as pain and suffering has been or need be introduced into evidence. There is no exact standard for fixing the

---

[1]  Fed. Emp. Jury Instructions § 5:775.

compensation to be determined for these elements of damage. Any award you make should be fair in light of the evidence produced at trial.

In determining the amount of damages, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that Joe prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. You may not consider the cost to Joe of hiring an attorney. Those attorneys' fees are determined by the court, if necessary, and may not be included in your damages award.

### JTM's Proposed Jury Instruction No. 2: Nominal Damages[2]

If you found in favor of Joe Maas on his claim for religious discrimination under Title VII, and you found that JTM did not prove that it would have terminated Joe if religion played no role in its decision, but you find that Joe's damages have no monetary value, then you must return a verdict for Joe in the nominal amount of one dollar ($ 1.00).

If you found for Joe on his claim for religious discrimination under Title VII, and you found that JTM did prove that it would have terminated Joe if religion played no role in its decision, then you cannot award Joe nominal damages.

---

[2]    Fed. Emp. Jury Instructions § 5:780; *Corbin v. Steak n Shake, Inc.*, 2020 U.S. Dist. LEXIS 67776 *33 (S.D. Ohio Apr. 17, 2020) (citing *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 672 (6th Cir. 2003) (en banc))

**JTM's Proposed Jury Instruction No. 3: Punitive Damages[3]**

In addition to the damages mentioned in the other instructions, the law permits the jury under certain circumstances to award an injured person punitive damages in order to punish a defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you found in favor of Joe Maas on his claim for religious discrimination under Title VII, and you found that JTM did not prove that it would have terminated Joe if religion played no role in its decision, and if you find that JTM acted with malice or with reckless indifference to Joe's right not to be discriminated against on the basis of his religion, then in addition to any damages to which you find Joe entitled, you may, but are not required to, award Joe an additional amount as punitive damages. Whether to award Joe punitive damages, and the amount of those damages, are within your discretion.

If you found for Joe on his claim for religious discrimination under Title VII, and you found that JTM did prove that it would have terminated Joe if religion played no role in its decision, then you cannot award Joe any punitive damages.

---

[3] Fed. Emp. Jury Instructions § 5:790.

5

**JTM's Proposed Jury Instruction No. 4: Damages for Lost Wages[4]**

If you found that JTM is liable to Joe Maas on his claims for religious discrimination under Title VII, and you found that JTM did not prove that it would have terminated Joe if religion played no role in its decision, you must consider whether Joe has proved lost wages with reasonable certainty.

Lost wages are determined by calculating the amount that would have been earned from the date of Joe's wrongful termination to the date you find Joe's loss of future pay and benefits will cease. You may include all forms of compensation that Joe proved he would have earned, but for the wrongful termination, including salary, bonuses, vacation pay, pension, health insurance, and other benefits.

You may also consider what amount, if any, is necessary to temporarily compensate Joe while he seeks comparable employment and not to give long-term compensation from the date of termination to retirement. In so doing, you may consider the following:

(A)     the age of the plaintiff and his/her reasonable prospects of obtaining comparable employment elsewhere;

(B)     the plaintiff's salary and other tangible benefits such as bonuses and vacation pay to the extent applicable; and

(C)     the plaintiff's expenses associated with finding new employment;

In determining the amount of lost wages to award, you must deduct the amount of wages and benefits received or that you believe could be received from replacement income during the period awarded.

If you find that Joe is entitled to damages for losses that will occur in the future, you will have to reduce this amount, whatever it may be, to its present worth. The reason for this is that a

---

[4]     1 OJI-CV § 533.21; Fed. Emp. Jury Instructions § 5:850.

sum of money that is received today is worth more than the same money paid out in installments over a period of time, since a lump sum today, such as any amount you might award in your verdict, can be invested and earn interest in the years ahead.

If you found for Joe on his claim for religious discrimination under Title VII, and you found that JTM did prove that it would have terminated Joe if religion played no role in its decision, then you cannot award Joe any damages related to lost wages.

**Defendants' Proposed Jury Instruction No. 5: Failure to Mitigate[5]**

A plaintiff alleging wrongful termination, like Joe Maas in this case, has a duty to use reasonable diligence to find comparable employment. If JTM proves by a preponderance of the evidence that Joe failed to use reasonable diligence to find employment, or that comparable employment was available to but passed up by Joe, then you must subtract the amount of pay that Joe would have earned from any award of lost wages. Comparable employment need not be identical in responsibility or compensation but must be a type of work that a reasonable person would take if in Joe's position.

---

[5]    1 OJI-CV § 533.21.

**Defendants' Proposed Jury Instruction No. 6: Jury Interrogatories and Verdict Forms[6]**

The Court will provide you with jury interrogatories and verdict forms. The jury interrogatories are specific written questions on issues of fact that you must decide based on the evidence presented.

After answering the jury interrogatories, you will proceed to enter a verdict on each claim either in favor of Joe Maas or JTM. I will now read the jury interrogatories and verdict forms to you.

---

[6] Fed. R. Civ. P. 49(b).

**Defendants' Proposed Jury Instruction No. 7: When Your Verdict is Ready[7]**

When you arrive at a verdict, you will notify the Court Security Officer, who will inform the Court.

---

[7] Judge Edmund A. Sargus Civil Jury Instructions, § 27, Notify Court Security Officer When Verdict Is Ready.

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MAAS, et al., | : | Case No.: 1:23-cv-00076 |
| | : | |
| Plaintiffs, | : | Judge Jeffery P. Hopkins |
| | : | |
| vs. | : | |
| | : | |
| JTM PROVISIONS COMPANY INC., *et al*., | : | |
| | : | |
| Defendants. | : | |

## DEFENDANT JTM PROVISIONS COMPANY, INC.'S FIRST AMENDED PROPOSED JURY INTERROGATORIES AND VERDICT FORMS ON DAMAGES

Pursuant to Federal Rule of Civil Procedure 49 and the Court's instructions at the January 21, 2026 Final Pretrial Conference, Defendant JTM Provisions, Inc. ("JTM") hereby respectfully submits the attached proposed jury interrogatories and verdict forms on damages to be used at trial in this matter.

Respectfully submitted,

*/s/ Brian P. O'Connor*
Brian P. O'Connor (0086646)
J. Robert Linneman (0073846)
SANTEN & HUGHES
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202
Telephone: (513) 721-4450
Facsimile: (513) 721-0109
bpo@santenhughes.com
jrl@santenhughes.com

*Attorneys for Defendant,*
*JTM Provisions Company, Inc.*

## PROPOSED JURY INTERROGATORIES AND VERDICT FORMS

You are being given interrogatories (written questions) and verdict forms. You must answer the interrogatories and verdict forms in writing, starting with the first interrogatory. You must carefully follow the directions on each page about how to proceed, because the directions will tell you which interrogatories to answer and whether to sign the verdict forms for Joe Maas or JTM.

**JTM'S PROPOSED JUROR INTERROGATORY ON DAMAGES NO. 1**
**(Affirmative Defense No. 2 – Failure to Mitigate Damages)**

Based on the evidence presented and the Court's instructions of law, do you find that JTM proved by a preponderance of the evidence that (1) Joe Maas failed to use reasonable diligence to find employment, and (2) comparable employment was available to but passed up by Joe Maas?

Yes_____          No_____

(All must agree)

_____          _____

_____          _____

_____          _____

_____          _____

Proceed to Jury Verdict Form on Damages No. 1.

3

**JTM'S PROPOSED JURY VERDICT FORM ON DAMAGES NO. 1**

Answer this interrogatory only if you found in favor of Joe Maas on his claim against Defendant.

What amount, if any, do you award Joe Maas for emotional pain and suffering, inconvenience, and mental anguish?

$ _____

What amount, if any, of lost wages for time between the date of his termination and the date of your verdict do you award Joe Maas?

$ _____

What amount, if any, of lost wages for time that will occur after the date of your verdict do you award Joe Maas?

$ _____

What amount, if any, of punitive damages do you award Joe Maas?

$ _____

Add the amounts, if any, listed on all four lines above.

$ _____

(All must agree)

_____          _____

_____          _____

_____          _____

_____          _____

Please proceed to Jury Verdict Form on Mitigation of Damages and Total Award.

**JTM'S PROPOSED JURY VERDICT FORM ON MITIGATION OF DAMAGES AND TOTAL AWARD**

Complete this verdict form only if you awarded damages to Joe Maas.

If you found that Joe Maas failed to mitigate his damages, write the amount by which Joe's damages, if any, should be reduced based on that failure.

$ _____

(All must agree)

_____          _____

_____          _____

_____          _____

_____          _____

6