IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOSEPH R. MAAS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JTM PROVISIONS COMPANY, INC., *et al.*, <br><br> *Defendants*. | Case No. 1:23-cv-76 <br><br> Judge Jeffery P. Hopkins |

## OPINION AND ORDER

Pending before the Court is the Motion for Summary Judgment (Doc. 91) (the "Motion") filed by Plaintiff Joseph R. Maas ("Joe" or "Plaintiff"). Joe seeks judgment on JTM's affirmative defenses. In the time since that Motion was filed, JTM filed its response and has provided two separate notices dismissing certain affirmative defenses.[1] *See* Docs. 101, 115, 132. With receipt of Joe's reply (Doc. 108), this Motion is ripe for consideration.

### I. BACKGROUND

In its Answer (Doc. 68) to the Amended Complaint (Doc. 29), JTM asserted nineteen affirmative defenses. Based on this Court's Opinion and Order (Doc. 126) and the notices filed by JTM (Docs. 115, 132), the following affirmative defenses remain viable:

- Affirmative Defense Four (In Part): Plaintiff's claim is barred in whole or in part by the applicable statutes of limitations.

- Affirmative Defense Seven: Plaintiff's claim is barred or must be reduced by Plaintiff's failure to mitigate damages.

---

[1] In its response, JTM incorporates by reference the arguments made by the now-dismissed Maas Defendants in their response (Doc. 99) to Joe's Motion. The Court has considered those arguments to the extent necessary in this Opinion and Order.

- Affirmative Defense Thirteen: Plaintiff's claim is barred in part by his failure to file within 90 days of receipt of a right to sue letter from the EEOC.

Doc. 68, PageID 2014–15; Doc. 115, PageID 3811; Doc. 132, PageID 4217. Joe seeks summary judgment on all of JTM's remaining affirmative defenses. Because the parties are engaged in good-faith efforts to resolve matters pertaining to Affirmative Defense Thirteen, the Court will only address Affirmative Defense Four and Affirmative Defense Seven here.

## II. STANDARD OF REVIEW

Affirmative defenses can be resolved at the summary judgment stage. *Speedeon Data LLC v. Integrated Direct Mktg., LLC*, 718 F. App'x 333, 337 (6th Cir. 2017). Summary judgment is warranted "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "'always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions' of the record which demonstrate 'the absence of a genuine issue of material fact.'" *Rudolph v. Allstate Ins. Co.*, No. 2:18-cv-1743, 2020 WL 4530600, at *3 (S.D. Ohio Aug. 6, 2020) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once that burden is met, the burden shifts to the non-moving party to present evidence that shows a genuine dispute of material fact. *Int'l Outdoor, Inc. v. City of Troy*, 974 F.3d 690, 697 (6th Cir. 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)). And when, as here, "the nonmoving party in a summary judgment motion bears the burden of proof at trial, Rule 56 requires them to 'go beyond the pleadings' and designate specific facts showing that there is a genuine issue for trial." *EEOC v. Skanska USA Bldg., Inc.*, 80 F. Supp. 3d 766, 780 (W.D. Tenn. 2015) (quoting *Celotex Corp.*, 477 U.S. at 324). But as with any motion for summary judgment, the Court must view the evidence in the light most

favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

### III. LAW AND ANALYSIS

#### A. Statute of Limitations (Affirmative Defense Four)

The Court will first consider JTM's fourth affirmative defense. This affirmative defense was originally twofold: that Plaintiff's claims are barred in whole or in part by the applicable statute of laches and/or limitations. Doc. 68, PageID 2014. JTM has elected to proceed only on statute of limitations and has dismissed laches. Doc. 115, PageID 3811.

Joe asserts that JTM's statute of limitations defense should be dismissed because:

> Pursuant to Fed. R. Civ. P. 56(c)(1)(B), there is no evidence that any of Plaintiff's existing claims are barred by the statute of limitations.

Doc. 91, PageID 2888. In response, JTM asserts that Joe references alleged discrimination that occurred before the relevant limitations period, thus the defense should survive. Doc. 101, PageID 3418 n.1.

There exists a dual statute of limitations under Title VII. *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001). The Sixth Circuit has explained that, "[u]sually, if the alleged discrimination occurred more than 180 days prior to the plaintiff's filing of an EEOC charge, claims implicating these actions are barred." *Alexander v. Loc. 496, Laborers' Int'l Union*, 177 F.3d 394, 407 (6th Cir. 1999). But "if the alleged unlawful practice occurs in a 'deferral state,' in this case Ohio, which has enacted its own laws prohibiting discrimination in employment, the plaintiff must file suit within 300 days of the alleged discriminatory act." *Id.* (citing 42 U.S.C. § 2000e-5(e); *EEOC v. Penton Indus. Pub. Co.*, 851 F.2d 835, 837 n.5 (6th Cir. 1988)).

Here, Joe filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 23, 2021, which was squarely within 300 days of his

3

termination from JTM on February 12, 2021. Joe's surviving claim, a mixed-motive Title VII religious discrimination claim, is directly tied to his termination and Joe is seeking to recover for that discrete act. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (explaining that a plaintiff can only file a charge to cover discrete acts, such as termination, that "occurred" within the appropriate time period). Though JTM argues that Joe references alleged discrimination that occurred outside the limitations period, Joe is not barred from using "prior acts as background evidence in support of a timely claim." *Id.* at 113. For this reason, Joe is entitled to summary judgment on JTM's fourth affirmative defense because there is no genuine dispute that Joe filed his claim within the appropriate period.

### B. Failure to Mitigate (Affirmative Defense Seven)

Next, the Court considers Joe's argument that he is entitled to summary judgment on JTM's seventh affirmative defense of failure to mitigate damages. Doc. 68, PageID 2014. An employee, like Joe, must use reasonable diligence to mitigate damages. *Gunter v. Bemis Co.*, 906 F.3d 484, 490 (6th Cir. 2018). Title VII "limits back-pay and front-pay awards by the 'amounts earnable with reasonable diligence by the person . . . discriminated against.'" *Id.* (quoting 42 U.S.C. §§ 2000e-5(g)(1), 12117(a); *see also Pittington v. Great Smoky Mountain Lumberjack Feud, LLC*, 880 F.3d 791, 799–800 (6th Cir. 2018)). As the employee, Joe bears the initial burden of proving damages with "reasonable certainty." *Blackwell v. Sun Elec. Corp.*, 696 F.2d 1176, 1192 (6th Cir. 1983). If he does so, then JTM "must show that [Joe] failed to mitigate damages by showing that (1) similar positions were available; and (2) [Joe] did not 'use reasonable care and diligence in seeking such positions.'" *Gunter*, 906 F.3d at 490 (quoting *Rasimas v. Mich. Dep't of Mental Health*, 714 F.2d 614, 624 (6th Cir. 1983)).

Questions of fact preclude summary judgment for Joe on JTM's mitigation of damages defense. *Plank v. Great Am. Fin. Res., Inc.*, No. 1:19-cv-935, 2021 WL 3089374, at *9–10 (S.D. Ohio July 22, 2021); *Holloway v. Kings Dodge*, No. 1:16-cv-1075, 2019 WL 3891852, at *2–3 (S.D. Ohio Aug. 19, 2019). Where "a defendant has offered *no* evidence indicating that 'substantially equivalent positions . . . were available' and that 'the claimant failed to use reasonable care and diligence in seeking such positions,' a plaintiff has no legal obligation to demonstrate that he sought or obtained comparable employment after his unlawful termination." *Pittington*, 880 F.3d at 801 (quoting *Rasimas*, 714 F.2d at 624) (emphasis added). Here, however, JTM has offered evidence of comparable employment by way of eighteen different job postings. Baverman Supp. Decl., Doc. 96. For example, several positions offered by JTM were for Vice President roles in manufacturing and operations. *See, e.g.*, Doc. 96-1, 96-2, 96-3. Joe previously worked as a Vice President of Engineering and as a Vice President of Industry and Government Relations while employed by JTM.

Joe alleges that none of the positions to which JTM refers were "substantially equivalent to the position [he] had at the time of his termination." Doc. 109, PageID 3689. A job is substantially equivalent if it affords "the claimant virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status." *Rasimas*, 714 F.2d at 624. When drawing all evidence and inferences in a light most favorable to JTM, the Court finds there is a genuine dispute about the equivalence of these roles to Joe's prior positions at JTM. Thus, "[w]hether those positions were substantially equivalent is a question for the jury." *Holloway*, 2019 WL 3891852, at *2.

Further, JTM has presented evidence that creates a genuine dispute as to whether Joe's efforts at obtaining employment were reasonable. "The reasonableness of the effort to find

5

substantially equivalent employment should be evaluated in light of the individual characteristics of the claimant and the job market." *Raismas*, 714 F.2d at 624. Joe testified that he applied for several positions after his termination at JTM through ZipRecruiter and one personal contact. Joe Maas 5/4/22 Dep., Doc. 81, 122:15–137:2. However, Joe admitted that he did nothing to follow up on his applications and never heard back about any of the positions that he applied for. *Id.* at 128:2–11. Joe also could not recall specifics about the positions that he applied for, and he admitted that "the vast majority, if not all of them, did not list a salary." *Id.* at 127:3–11. As the Court understands, Joe has remained unemployed since his February 2021 termination. Under the circumstances, there remains a genuine dispute as to Joe's reasonable care and diligence in attempting to find substantially equivalent employment.

## IV. CONCLUSION

Based on the foregoing, Joe's Motion for Summary Judgment (Doc. 91) is **GRANTED IN PART** and **DENIED IN PART**. The Court defers a decision on JTM's thirteenth affirmative defense pending the outcome of the parties' efforts to reach a joint resolution as to matters related thereto.

IT IS SO ORDERED.

February 2, 2026

Jeffery P. Hopkins
United States District Judge